**Electronically Filed
Intermediate Court of Appeals
29162
31-OCT-2012
09:38 AM**

NO. 29162


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RICHARD MORRIS, Defendant-Appellant,
and
ROBERT BYRCH and ROBERT MICHUTKA, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 06-1-1081)


MEMORANDUM OPINION
(By: Nakamura, C.J., and Foley and Leonard, JJ.)


Defendant-Appellant Richard Morris (Morris) was convicted of two counts of violating the Hawai'i Uniform Securities Act (Modified) (hereinafter, "Securities Act"), Hawaii Revised Statutes (HRS) Chapter 485.[1] The Securities Act contains a specific statute of limitations provision that is set forth in HRS § 485-21(e) (1993). This provision applies "[n]otwithstanding any other laws to the contrary," has a basic five-year limitations period which may be extended under particular circumstances to a maximum limitations period of seven

---

[1] At the time relevant to this case, the Hawai'i Uniform Securities Act (Modified) was codified as HRS Chapter 485. Effective July 1, 2008, HRS Chapter 485 was repealed and replaced with a new Uniform Securities Act codified as HRS Chapter 485A. 2006 Haw. Sess. Laws Act 229, §§ 17, 20 at 996. We will cite to HRS Chapter 485, which contains the provisions relevant to this case.

years, but does not provide for the tolling of the limitations period while the accused is continually absent from the State. HRS § 485-21(e) (1993).

The Hawai'i Penal Code contains a general statute of limitations provision, set forth in HRS § 701-108, that is applicable to all offenses defined by statute. HRS § 701-108(6)(a) (Supp. 1999) provides for the tolling of the limitations period, for up to four years, "[d]uring any time when the accused is continuously absent from the State or has no reasonably ascertainable place of abode or work within the State[.]"

The dispositive issue in this appeal is whether the two Securities Act counts on which Morris was convicted were charged within the applicable statute of limitations. We conclude that: (1) the specific statute of limitation provision set forth in HRS § 485-21(e) (1993) is the applicable statute of limitations for the two Securities Act counts on which Morris was convicted; (2) HRS § 485-21(e) does not permit the applicable limitations period to be modified and extended by the incorporation of the tolling rule set forth in HRS § 701-108(6)(a); and (3) because the HRS § 701-108(6)(a) tolling rule does not apply, the two counts on which Morris was convicted were not charged within the applicable limitations period. Accordingly, we hold that the Circuit Court of the First Circuit (Circuit Court)[2] erred in denying Morris's pretrial motion to dismiss those counts for violation of the statute of limitations, and we reverse Morris's convictions.

BACKGROUND

I.

21st Century Satellite Communications, Inc. (Satellite Communications) was a private cable company based in Florida that was established to provide satellite cable TV systems to customers. The charges in this case stem from Satellite

---

[2] The Honorable Richard K. Perkins presided over the proceedings relevant to this appeal.

Communications' attempts to secure funding through the issuance of promissory notes. Robert Byrch (Byrch) was the president of Satellite Communications during times relevant to this case. Morris was involved as the general broker in selling the promissory notes and also became a shareholder of Satellite Communications.

Robert Michutka (Michutka) was involved in the program to sell promissory notes under Morris, and Michutka, in turn, recruited Douglas Nonaka (Nonaka), a Certified Public Accountant in Honolulu, to sell the promissory notes. Morris, Michutka, and Nonaka received commissions on the sale of the promissory notes, with Michutka receiving a commission on the promissory notes sold by Nonaka and Morris receiving a commission on the promissory notes sold by both Michutka and Nonaka. Between October 1, 1998, and September 30, 1999, Nonaka sold over $700,000 worth of Satellite Communications promissory notes to his tax clients.

Satellite Communications did not generate enough revenues to pay the interest on the promissory notes. In 2000, Satellite Communications defaulted on the interest payments due on the promissory notes and subsequently filed for bankruptcy in 2001. After Satellite Communications defaulted on its interest payments and filed for bankruptcy, Hawai'i investors contacted the Securities Enforcement Branch of the Department of Commerce and Consumer Affairs (DCCA). The DCCA opened an investigation based on the investors' complaints.

On October 30, 2001, investigators from the DCCA and the State Attorney General's office interviewed Nonaka, who provided information that Morris was the general broker in Florida and that Michutka worked under Morris and Nonaka worked under Michutka. Nonaka was indicted in November 2003 for Securities Act offenses, and he pleaded guilty to numerous counts, pursuant to a plea agreement.

II.

On March 25, 2006, the State charged Morris, Michutka and Byrch by indictment with numerous counts. Morris and

Michutka were jointly charged with the sale of unregistered securities (Count II); the sale of securities by an unregistered person (Count IV); prohibited securities practices (Count VI); securities fraud (Count VIII); and first-degree theft (Count X). The counts against Morris and Michutka alleged conduct occurring between on or about October 1, 1998, and September 30, 1999. Byrch was charged with Securities Act offenses and first-degree theft.

Morris filed a motion for bill of particulars, which was granted as to Counts VI and VIII. With respect to Count VI, the State responded that it would prove that the Defendants "directly or indirectly made statements to investors that 21st Century Satellite Communications, Inc. promissory notes were safe and low-risk investments and their moneys were fully secured." With respect to Count VIII, the State responded that it would prove that the Defendants "directly or indirectly led investors to believe that moneys obtained from their promissory notes would be used for the purchase and installation of equipment and their moneys would be fully secured."

Prior to trial, Morris filed a motion to dismiss the indictment on the ground that the statute of limitations applicable to offenses charged against him had expired before the date the indictment was returned. The Circuit Court denied the motion and filed a written order of its decision.

Byrch pleaded guilty to several Securities Act offenses pursuant to a plea agreement, and Morris and Michutka proceeded to trial. The jury found Morris guilty of Count VI, prohibited securities practices, in violation of HRS § 485-25(a)(2) (1993), and guilty of Count VIII, securities fraud, in violation of HRS § 485-25(a)(3) (1993).[3] As to those counts, the jury answered

---

[3] HRS §§ 485-25(a)(2) and (a)(3) (1993) provide:

§ 485-25 Fraudulent and other prohibited practices. (a) It is unlawful for any person, in connection with the offer, sale, or purchase (whether in a transaction described in section 485-6 or

(continued...)

special interrogatories which classified those offenses as class A felonies.[4/]  The jury acquitted Morris of Counts II, IV, and X, and it acquitted Michutka on all counts.

The Circuit Court sentenced Morris to concurrent terms of twenty years of imprisonment on Counts VI and VIII, and it entered its Judgment of Conviction and Sentence on May 14, 2008. The Circuit Court granted Morris's motion for bail pending appeal.  In support of this decision, the Circuit Court concluded that Morris's appeal of the denial of his motion to dismiss indictment for violation of the statute of limitations presents a substantial question likely to result in reversal "because the issue involves the interpretation of two apparently conflicting

---

[3/] (...continued)
otherwise) of any security (whether or not of a class described in section 485-4), in the State, directly or indirectly:

. . .

> (2)   To make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; [or]

> (3)   To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person[.]

[4/] HRS § 485-21 (1993) establishes the felony classification of Security Act offenses based on the total value paid by or lost by the victims, and provides in relevant part:

> § 485-21 Criminal penalties. (a) Whoever violates this chapter shall be punished as follows:

. . .

> (3)   An offense in which the total value of all money and anything else of value paid or lost by the victims pursuant to the same scheme, plan, or representations, or to the same entity, amounts to $100,000 or more shall be a class A felony as defined by the Hawaii Penal Code.

. . . .

> (b)   The value of all money and anything else of value paid or lost by various victims pursuant to the same scheme, plan, or representations or to the same entity may be aggregated in determining the class or grade of the offense.

statutes that is not straightforward and could, on appeal, be decided either way."

DISCUSSION

Morris raises numerous points of error on appeal.[5] We conclude, however, that the dispositive issue is whether the Circuit Court erred in denying Morris's motion to dismiss Counts VI and VIII, the counts on which Morris was convicted, for violation of the applicable statute of limitations. As explained below, we conclude that the statute of limitations on Counts VI and VIII expired before the State charged Morris on those counts. Accordingly, we reverse Morris's convictions.

---

[5] Morris raises the following eleven points of error:

1.     The Circuit Court erred in denying Morris's motion to dismiss the indictment for violation of the statute of limitations.

2.     The Circuit Court erred in denying Morris's motion to dismiss the indictment for failure of the State to plead the tolling of the statute of limitations, as required under State v. Stan's Contracting, Inc., 111 Hawaiʻi 17, 137 P.3d 331 (2006).

3.     The Circuit Court erred in denying Morris's motion to dismiss the indictment based on his claim that the State had presented false or misleading testimony to the grand jury.

4.     The Circuit Court erred in denying Defendants' motion to dismiss the indictment for the State's failure to present clearly exculpatory evidence to the grand jury, for insufficient evidence, and because of prosecutorial misconduct.

5.     The Circuit Court erred in denying Morris's motion to dismiss the indictment for pre-indictment delay.

6.     The Circuit Court erred when it precluded Morris from cross-examining Nonaka regarding other investments in which Nonaka was involved.

7.     The Circuit Court erred when it admitted prejudicial evidence regarding commissions received by Morris other than from Hawaiʻi investors.

8.     The Circuit Court erred in instructing the jury on the amount of loss by special interrogatory instead of as an element of the charged offenses in Counts VI and VIII.

9.     The Circuit Court erred in instructing the jury on the statute of limitations tolling provision.

10.     The Circuit Court erred in failing to give a specific unanimity instruction.

11.     The Circuit Court erred in denying Morris's motions for judgment of acquittal and for a new trial.

I.

Our decision on the applicable statute of limitations turns on the interpretation of statutes. Statutory interpretation involves a question of law that is subject to *de novo* review. State v. Batson, 99 Hawai'i 118, 119, 53 P.3d 257, 258 (2002).

> When construing a statute, the starting point is the language of the statute itself. The court's foremost obligation is to ascertain and give effect to the intention of the legislature, which we discern primarily from the language of the statute itself, although we may consider other sources. We must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

Id. at 120, 53 P.3d at 259 (internal citations, quotation marks, and brackets omitted).

The Hawai'i Supreme Court has adopted a three-part analysis in interpreting statutes that appear to relate to the same subject matter:

> First, legislative enactments are presumptively valid and should be interpreted in such a manner as to give them effect. Second, laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statue may be called in aid to explain what is doubtful in another. Third, where there is a plainly irreconcilable conflict between a general and a specific statute concerning the same subject matter, the specific will be favored. However, where the statutes simply overlap in their application, effect will be given to both if possible, as repeal by implication is disfavored.

Id. (internal citations, quotation marks, and brackets omitted).

II.

Morris was convicted of two counts of Securities Act offenses. The statute of limitations provisions potentially applicable to these two counts are set forth below.

The Securities Act contains a specific statute of limitations provision, HRS § 485-21(e) (1993), which provides:

> (e) <u>Notwithstanding any other laws to the contrary</u>, the following period of limitations will apply to prosecutions for felony violations of this chapter:
>
> (1) Prosecution for a felony under this chapter shall be commenced within five years after the offense is committed.
>
> (2) If the period prescribed in paragraph (1) has

7

> expired, prosecution for a felony under this
> chapter may be commenced within two years after
> the discovery of the offense by an aggrieved
> party and who is himself not a party to the
> offense, <u>but in no event more than seven years
> after the offense is committed</u>.

(Emphases added.)

The Hawai'i Penal Code also contains a general statute of limitations provision, HRS § 701-108.  The version of HRS § 701-108 in effect at the time of this case, HRS § 701-108 (Supp. 1999), provides, in pertinent part, as follows:

> **§ 701-108  Time limitations.**  (1) A prosecution for murder [and murder-related offenses] may be commenced at any time.
>
> (2)    Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:
>
> .  .  .
>
> (b)    <u>A prosecution for a class A felony must be commenced within six years after it is committed</u>;
>
> (c)    A prosecution for any other felony must be commenced within three years after it is committed;
>
> .  .  .  .
>
> (3)    If the period prescribed in subsection (2) has expired, a prosecution may nevertheless be commenced for:
>
> (a)    Any offense an element of which is either fraud or a breach of fiduciary obligation within three years after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is oneself not a party to the offense, but in no case shall this provision extend the period of limitation by more than six years from the expiration of the period of limitation prescribed in subsection (2);
>
> .  .  .  .
>
> (6)    The period of limitation does not run:
>
> (a)    <u>During any time when the accused is continuously absent from the State or has no reasonably ascertainable place of abode or work within the State, but in no case shall this provision extend the period of limitation by more than four years from the expiration of the period of limitation prescribed in subsection (2)</u>;
>
> .  .  .  .

(Emphasis added.) The general statute of limitations set forth in HRS § 701-108 applies not only to offenses defined under the Hawai'i Penal Code, but also to offenses outside of the Penal Code by virtue of HRS § 701-102(3) (1993), which provides that "[t]he provisions of chapters 701 through 706 of the Code are applicable to offenses defined by other statutes, unless the Code otherwise provides."[6]

III.

The limitations period on Counts VI and VIII against Morris began to run on October 1, 1999, which was the most recent date alleged in the indictment with respect to Morris's criminal conduct. HRS § 485-21(e)(1) establishes a basic five-year limitations period for felony Securities Act offenses. The provisions of HRS § 485-21(e)(2), which permit prosecution within two years after the discovery of the offense by an aggrieved party, did not serve to extend the limitations period beyond the basic five-year period in this case. The State and Morris do not dispute the Circuit Court's finding that Morris's Securities Act offenses were discovered no later than October 30, 2001.

Five years from October 1, 1999, when the limitations period began to run, is September 30, 2004. The indictment, however, was not filed until May 25, 2006. Therefore if the statute of limitations is determined pursuant to HRS § 485-21(e), the State did not file its charges in Counts VI and VIII against Morris until after the statute of limitations had already run.

In denying Morris's motion to dismiss the indictment for violation of the statute of limitations, the Circuit Court

---

[6] The Commentary to HRS § 701-102 provides, in relevant part:

Subsection (3) holds that all of the general provisions (Chapters 701 to 706) of the Code are applicable to all offenses defined by other statutes. The purpose is to bring uniformity to the area of non-Code statutory offenses. One result of this will be to make defenses defined by the Code generally available. The Code's definition of state of mind requirements will also be applicable, as will the general principles of construction, time limitations, and res judicata provisions.

9

found that the tolling provision of HRS § 701-108(6)(a) applied to extend the statute of limitations. Morris had acknowledged in his motion that at all times relevant, he had been a resident of Florida and that he had never been to Hawai'i prior to being extradited on the indictment. The Circuit Court concluded that this satisfied the requirement for tolling under HRS § 701-108(6)(a) of being "continuously absent from the State."

The Circuit Court found that HRS § 485-21 "controls the applicable limitation period" for the Securities Act offenses charged against Morris. The Circuit Court, however, concluded that there was "no conflicting parallel provision" in HRS § 485-21 to the tolling provision in HRS § 701-108(6)(a). The Circuit Court ruled that based on its application of the Batson analysis, HRS § 701-108(6)(a) was applicable to Morris's Security Act offenses and served to save those offenses from being time barred.

IV.

We disagree with the Circuit Court's modification of HRS § 485-21(e) by incorporating the tolling provision set forth in HRS § 701-108(6)(a). HRS § 485-21(e) directly applies to felony prosecutions of Securities Act offenses and is the more specific statute of limitations provision. Therefore, HRS § 485-21(e) is the controlling statute of limitations provision. State v. Kamana'o, 118 Hawai'i 210, 211, 188 P.3d 724, 725 (2008) ("[A] specific statute controls over a general statute concerning a common matter[.]").

HRS § 485-21(e) begins with the phrase "[n]otwithstanding any other laws to the contrary." When HRS § 485-21(e) was enacted with this phrase in 1985,[2] the tolling rule set forth in HRS § 701-108(6)(a) was already part of the

---

[2] See 1985 Haw. Sess. Laws Act 100, § 4 at 165. The language of HRS § 485-21(e) has not changed since its enactment in 1985.

Hawai'i Penal Code.  See HRS § 701-108(6)(a) (1985).[8/]  We conclude that the Legislature's use of this phrase under these circumstances demonstrates the Legislature's intent that the provisions of HRS § 485-21(e) would take precedence over other conflicting statute of limitations provisions, including the tolling rule set forth § 701-108(6)(a).

HRS § 485-21(e) conflicts with several provisions of HRS § 701-108, including HRS § 701-108(6)(a).  HRS § 485-21(e)(1) provides a basic five-year limitations period for all felony Security Act offenses, whereas HRS § 701-108(2) (Supp. 1999) provides a basic six-year limitations period for class A felonies and a basic three-year limitations period for other felonies. HRS § 485-21(e)(2) sets forth a limited exception to the basic five-year limitations period by authorizing prosecution "within two years after the discovery of the offense by an aggrieved party . . . , but in no event more than seven years after the offense is committed."  (Emphases added.)  This conflicts with HRS § 701-108(3) (Supp. 1999), which contains a discovery exception for offenses involving fraud or breach of fiduciary obligation that authorizes prosecution within three years after discovery of the offense, but limits the extension of the basic limitations period to six years.

The provisions of HRS § 485-21(e)(2) are especially significant in revealing the Legislature's intent.  HRS § 485-21(e)(2) demonstrates that the Legislature intended that any extension to the basic five-year limitation period be limited to two years, by providing that "in no event" may a prosecution commence more than seven years after the offense is committed. The maximum seven-year period provided by HRS § 485-21(e)(2) conflicts with the tolling rule set forth in HRS § 701-108(6)(a),

---

[8/] The 1985 version of HRS § 701-108(6)(a), which was in effect when HRS § 485-21(e) was enacted, is basically the same as the "Supp. 1999" version of HRS § 701-108(6)(a) in effect at the time of this case, except that the 1985 version of HRS § 701-108(6)(a) limited the tolling period to three years rather than four years.

which would permit a four-year extension of the limitations period and therefore allow a prosecution to commence up to nine years after the offense was committed.[2/]

HRS § 485-21(e)(2) also demonstrates that the Legislature considered potential exceptions to the basic five-year limitations period set forth in HRS § 485-21(e)(1) and only chose to create one exception based on the discovery of the offense. When HRS § 485-21(e)(2) was enacted, HRS § 701-108 contained exceptions to its basic limitations periods for both (1) the discovery of offenses involving fraud and breach of fiduciary obligation (HRS § 701-108(3)(a) (1985)) and (2) tolling due to continuous absence from the State (HRS § 701-108(6)(a) (1985)). The Legislature's decision to limit the exceptions to the basic five-year limitations period for felony Securities Act offenses to the discovery exception provides persuasive evidence of its intent that the tolling rule set forth in HRS § 701-108(6)(a) would not apply to such offenses.

Based on this analysis, we conclude that it would be inconsistent with the Legislature's intent to modify the specific limitations period for felony Securities Act offenses set forth in HRS § 485-21(e) by incorporating the tolling provision set forth in HRS § 701-108(6)(a). HRS § 485-21(e) and HRS § 701-108(6)(a) do not "simply overlap in their application," but irreconcilably conflict. See Batson, 99 Hawai'i at 120, 53 P.3d at 259. Our conclusion is supported by cases from other jurisdictions. See State v. Eilts, 596 P.2d 1050, 1052 (Wash. Ct. App. 1979) (declining to apply tolling provision of a general statute of limitations provision to a securities offense with its own statute of limitations provision); State v. Detillio, 629 N.E.2d 1, 1-3 (Ohio Ct. App. 1992) (rejecting prosecution's contention that the "corpus delicti exception" set forth in the

---

[2/] In other words, the four-year extension on the limitations period permitted by HRS § 701-108(6)(a) when added to the basic five-year limitations period for felony Security Act offenses would exceed the maximum seven-year limitations period provided in HRS § 485-21(e)(2).

general statute of limitations provision should be incorporated into the specific statute of limitations provision for securities violations); State v. Guthrie, 567 So.2d 544, 545 (Fla. Dist. Ct. App. 1990) (concluding that a tolling provision set forth in the general statute of limitations law could not be applied to the special statute of limitations provision for theft offenses).

Because the State failed to charge Morris on Counts VI and VIII within the applicable statute of limitations, we reverse his convictions on those counts. In light of our decision, we need not address the other points of error Morris raises on appeal.

CONCLUSION

We reverse the Circuit Court's Judgment of Conviction and Sentence.

DATED: Honolulu, Hawai'i, October 31, 2012.

On the briefs:

Dwight C. H. Lum
for Defendant-Appellant

Dorothy Sellers
Solicitor General
Rebecca A. Copeland
Deputy Solicitor General
for Plaintiff-Appellee

_Craig H. Nakamura_
Chief Judge

_Daniel R. Foley_
Associate Judge

_Associate Judge_

13